IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GUY RICHARD BUCCI, et al.,

        Plaintiffs,

v.                                                CIVIL ACTION NO. 2:22-cv-00604

BRIAN DOOLEY KENT,

        Defendant.

ORDER

Pending before the court is Defendant Brian Dooley Kent's Motion to Set Aside Entry of Default. [ECF No. 13]. According to the docket, Mr. Kent was served on March 13, 2023, and therefore he had twenty-one days—that is, until April 3, 2023—to file an answer. [ECF No. 10]. Mr. Kent failed to file an answer by April 3, 2023, and thus, on April 21, 2023, the court directed the Clerk to enter default against Mr. Kent. [ECF No. 11].

On April 25, 2023, Mr. Kent filed the instant Motion to Set Aside Entry of Default. [ECF No. 13]. In his motion, Mr. Kent argues that the court should set aside the default because he "waived service pursuant to Federal Rule of Civil Procedure 4." *Id.* at 1. Indeed, he states that Plaintiffs' counsel emailed a waiver of service form to his attorney on March 14, 2023, and his attorney returned the signed waiver by email on the same day. *Id.* Plaintiffs, however, never filed the waiver with the Clerk.

*Id.* Nevertheless, Mr. Kent argues that by signing the waiver, he had sixty days from March 14, 2023—that is, until May 15, 2023—to answer Plaintiffs' Amended Complaint. *Id.*

Federal Rule of Civil Procedure 4(d)(3) states that "[a] defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." This rule is not applicable to the facts of this case. As indicated by counsels' emails, Mr. Kent returned a waiver of service to Plaintiffs *after*—not before—being served with process. *See* [ECF Nos. 10, 13]. Mr. Kent therefore had "21 days after being served with the summons and complaint" to serve and file his answer, Fed. R. Civ. P. 12(a)(1)(A)(i), which he failed to do. The Clerk properly entered default against Mr. Kent on April 21, 2023. [ECF No. 12].

Federal Rule of Civil Procedure 55(c) provides, however, that "[t]he court may set aside an entry of default for good cause." When determining whether good cause exists to set aside an entry of default, "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The *Payne* factors weigh in favor of setting aside the entry of default.

In this case, the court finds that Plaintiffs created some confusion as to the answer deadline when they emailed Mr. Kent's attorney a waiver of service form on March 14, 2023, [ECF No. 13, at 6], after Plaintiffs had already effectuated formal service on Mr. Kent, *see* [ECF No. 10]. As a result of the confusion, Mr. Kent, believing that he had until May 15, 2023, to file an answer, missed the April 3, 2023, answer deadline. The Clerk entered default on April 21, 2023. [ECF No. 12]. Mr. Kent filed the instant Motion to Set Aside Entry of Default four days later, on April 25, 2023, [ECF No. 13], which the court finds to be a reasonably prompt response, *see Higginbotham v. Red Roof Inns, Inc.*, No. 2:18-cv-01493, 2019 WL 1670984, at *2 (S.D. W. Va. Apr. 17, 2019) (finding that the defendant acted with reasonable promptness when it moved to set aside the entry of default one week after the Clerk entered default). Given the brevity of the delay, it is unlikely that Plaintiffs will be prejudiced if the default is set aside. In fact, Plaintiffs responded to Mr. Kent's motion on April 26, 2023, and stated that they do not oppose the motion. [ECF No. 14]. Other than the present situation, nothing in the record indicates any previous history of dilatory action by Mr. Kent, and less drastic sanctions, such as an award of fees and costs, are available—although likely inappropriate in this case. The court recognizes that Mr. Kent's motion does not include a presentation of evidence demonstrating that Mr. Kent has a meritorious defense. However, based on the totality of the circumstances, the court finds good cause to set aside the entry of default.

For the foregoing reasons, Mr. Kent's Motion to Set Aside Entry of Default [ECF No. 13] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 12] against Mr. Kent be **SET ASIDE**. Mr. Kent must answer Plaintiffs' Amended Complaint or file a Rule 12 motion by **May 15, 2023**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 4, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE