IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GUY RICHARD BUCCI, et al.,

        Plaintiffs,

v.                            CIVIL ACTION NO.  2:22-cv-00604

BRIAN DOOLEY KENT,

        Defendant.


MEMORANDUM OPINION AND ORDER

      Pending before the court is Plaintiffs' Motion to File Case Under Seal. [ECF No. 3]. For the reasons explained below, the motion is **DENIED**.

I.    **Background**

      On December 30, 2022, Plaintiffs Guy Richard Bucci and Ashley Nicole Lynch filed a Complaint in this court against Defendant Brian Dooley Kent. [ECF No. 1]. Mr. Bucci and Ms. Lynch later filed an Amended Complaint on March 10, 2023. [ECF No. 5].

      Plaintiffs allege that they entered into a Joint Venture Agreement with Mr. Kent "for the representation of all former students harmed at Miracle Meadows School ('MMS') filed in the Circuit Court of Kanawha County, West Virginia, or elsewhere in the State of West Virginia." *Id.* ¶ 3. Plaintiffs state that Mr. Kent "breached his fiduciary duty to [them]" by separately representing former MMS

students, without Plaintiffs' knowledge, thereby "unilaterally and illegally" terminating the parties' agreement and "excluding [Plaintiffs] from their rightful participation in these cases and attorney fees rightfully earned by them." *Id.*

At the time they filed their Complaint, Mr. Bucci and Ms. Lynch informed the Clerk's Office that they planned to file a motion to seal the case. Anticipating the motion, the Clerk's Office opened the case under seal, which means that any documents filed in this case are not available electronically to the attorneys of record, the parties, or the public. Only the court can access the docket entries in this case.

On January 3, 2023, Mr. Bucci and Ms. Lynch filed the instant Motion to File Case Under Seal. [ECF No. 3]. In their supporting memorandum, Plaintiffs state that "this case must be sealed to preserve the interests of third-party [litigants]" who were previously or are currently represented by the attorney-parties in this case. [ECF No. 4, at 3]. Plaintiffs allege that the parties' contractual dispute "turn[s] on information passed between the attorneys . . . regarding the litigation and handling of the[] school children's cases thereby implicating information which could be utilized in a manner as to undermine or otherwise damage those . . . cases." *Id.* at 4. Plaintiffs argue that alternatives to sealing, such as redaction, are inadequate to protect the children's interests "as the amount of redaction necessary would create considerable burdens upon the parties to this litigation and would unnecessarily risk accidental divulgement." *Id.* at 5. Accordingly, Plaintiffs contend that this case must be sealed "for its entire duration." *Id.* at 6.

## II.    Legal Standard

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). There is a significant "distinction between the rights of access afforded by the common law and the First Amendment," *id.* (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)), in that the "common law 'does not afford as much substantive protection to the interests of the press and the public as does the First Amendment,'" *id.* (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

"The common law presumes a right to inspect and copy judicial records and documents." *Stone*, 855 F.2d at 180 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right, however, is not absolute, and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.* (citing *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). When determining whether to seal judicial records, the court should weigh the following factors: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an

3

important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon*, 435 U.S. at 597–608). "[U]nder the common law[,] the decision whether to grant or restrict access to judicial records or documents" lies within the district court's discretion. *Va. Dep't of State Police*, 386 F.3d at 575.

"In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Id.* (quoting *Stone*, 855 F.2d at 180). For example, "the public and press enjoy a presumptive right to inspect docket sheets in civil cases under the First Amendment." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). The First Amendment right of access also applies to "newly filed civil complaints," *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 328 (4th Cir. 2021), and materials submitted with motions for summary judgment, *Rushford*, 846 F.2d at 252.

When the First Amendment right of access applies, the court "may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180). "[T]he party seeking to restrict access" bears the burden of overcoming the First Amendment right of access, "and that party must present specific reasons in support of its position." *Id.* (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 15 (1986)).

Whether the source of the right arises from the common law or the First Amendment, it "may be abrogated only in unusual circumstances." *Stone*, 855 F.2d at 182. "[P]ublic inspection of court documents is necessary to allow interested parties to judge the court's work product." Loc. R. Civ. P. 26.4(c)(1). When a party files a motion to seal judicial records in this district, it must submit an accompanying memorandum of law which contains (1) "the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;" (2) "the requested duration of the proposed seal; and" (3) "a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals." Loc. R. Civ. P. 26.4(c)(2).

The court, when considering a motion to seal, "must comply with certain substantive and procedural requirements." *Va. Dep't of State Police*, 386 F.3d at 576 (citing *Rushford*, 846 F.2d at 253). First, "[a]s to the substance," the court "must determine the source of the right of access with respect to each document." *Id.* (quoting *Stone*, 855 F.2d at 181). Then, the court must comply with the following procedure:

> [I]t must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

5

*Id.* This framework applies to motions to seal an entire case. *See Barnes v. Carolinas Med. Ctr.*, No. 3:02-cv-486, 2010 U.S. Dist. LEXIS 160024, at *1–4 (W.D.N.C. Aug. 20, 2010).

### III.   Discussion

#### A.  Source of the Right of Access

Here, Plaintiffs ask that the court "grant them leave to file their Complaint under seal and seal the entirety of this case." [ECF No. 3]. As previously explained, "the public and press enjoy a presumptive right to inspect docket sheets," *Co. Doe*, 749 F.3d at 269, and "newly filed civil complaints," *Courthouse News Serv.*, 2 F.4th at 328, under the First Amendment. Because the source of the right of access in this case is the First Amendment, the court cannot grant Plaintiffs' motion to seal unless they show that closure is necessary to protect a compelling interest and "is narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Stone*, 855 F.2d at 180).

#### B.  Review of the Motion to Seal

Having determined the source of the right of access, the court now turns to the procedural requirements for considering a motion to seal, beginning with public notice. Because the Clerk's Office opened the case under seal, none of the docket entries are accessible to the public, including the instant Motion to File Case Under Seal. Despite the lack of notice to the public that the motion exists and is pending, the court finds that it may properly rule on the motion at this time. The purpose of

6

the notice requirement is to provide the public with a reasonable opportunity to object to a motion to seal, thus "ensur[ing] that the decision to seal materials will not be made lightly." *Id.* at 576. That is, notice protects the public right of access. As I will explain below, the court denies Plaintiffs' motion to seal and orders that this case be unsealed. Because this Order protects the First Amendment right of access, the court finds that the public is not harmed by the lack of notice.

Now, the court must determine whether Plaintiffs have offered a compelling interest sufficient to overcome the public right of access and whether denying access is narrowly tailored to serve that interest, "consider[ing] less drastic alternatives to sealing." *Id.* at 575–76. Mr. Bucci and Ms. Lynch claim that "this case must be sealed to preserve the interests of third-party [litigants]" currently or previously represented by the parties to this case. [ECF No. 4, at 3]. Plaintiffs contend that "sealing this matter for its entirety is necessary to ensure collateral effects do not damage those third parties' cases," as "information in this matter could implicate privileged or otherwise protected information which could reasonably . . . be used against [those parties]." *Id.* Plaintiffs further explain that the school children's cases "should be permitted to proceed without the background disputes of attorneys currently . . . or formerly involved in that litigation." *Id.* at 5. According to Plaintiffs, alternatives to sealing "would be wholly inadequate to protect the interests of th[e] school children as the amount of redaction necessary would create considerable burdens upon the parties to this litigation and would unnecessarily risk accidental divulgement." *Id.*

7

The court finds that Plaintiffs have neither alleged a compelling reason to seal the entire record, nor demonstrated that their request to seal is narrowly tailored to their stated interest. Plaintiffs' conclusion that the students may be harmed because the instant "matter could implicate privileged or otherwise protected information," *id.* at 3, is entirely speculative. The Fourth Circuit has warned that courts may not permit the "wholesale sealing of documents based upon unsubstantiated or speculative claims of harm." *Co. Doe*, 749 F.3d at 270 (explaining that a bare allegation of harm "falls short of a compelling interest sufficient to overcome the strong First Amendment presumptive right of public access"). In any event, a detailed review of the record shows that nothing on the docket, or in the entries contained therein, reveals protected information likely to jeopardize the students' cases. The fact that no damaging information has been disclosed to the court at this juncture is noteworthy, as the parties may have felt freer to divulge such information during a time they believed the case would remain sealed. The court thus finds that Plaintiffs' fears are conclusory and not currently supported by credible evidence.

Further, the court disagrees with Plaintiffs' statement that the students' cases "should be permitted to proceed without the background disputes of [their] attorneys"—that is, without knowledge of the instant matter. [ECF No. 4, at 5]. Rather than hide the attorneys' conflict, the court concludes that the dispute should be open to the public and to the students, who may have an interest in learning that their attorneys are at odds.

Finally, Plaintiffs' request that the entire case be sealed is not narrowly tailored to their interest. As I just explained, none of the filed documents in this case, including the Complaints, contain protected information. The fact that some future document might contain privileged information is insufficient to seal the entire case from the public. If any party, in the future, intends to file a document that he or she believes discloses privileged or otherwise protected information, then that party may move the court at that time to file the document under seal or with redactions. *Cf. Woven Elecs. Corp. v. Advance Grp., Inc.*, Nos. 89-1580, 89-1588, 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (explaining that the presence of trade secrets in a case "will not require a blanket sealing of the entire record," but "only [of] those portions necessary to prevent the disclosure of trade secrets"). The court does not find that the parties will be substantially burdened by this process.

## IV.  Conclusion

For the foregoing reasons, Plaintiffs' Motion to File Case Under Seal [ECF No. 3] is **DENIED**. The Clerk is **DIRECTED** to **UNSEAL** this case.[1] The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[1] Also pending are Plaintiffs' Letter-Form Motion to Produce Sealed Docket Sheet [ECF No. 17] and Defendant's Motion to Release Documents to Attorneys of Record [ECF No. 18]. Essentially, both motions seek access to the docket. Because the court denies Plaintiffs' Motion to File Case Under Seal [ECF No. 3] and directs the Clerk to unseal this case, the parties and their attorneys will have complete access to the docket. Accordingly, the court **DENIES** the parties' motions [ECF Nos. 17, 18] **as moot**.

ENTER:      May 10, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE