# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| GUY RICHARD BUCCI and ASHLEY NICOLE LYNCH, <br><br> Plaintiffs, <br><br> v. <br><br> BRIAN DOOLEY KENT, Individually, <br><br> Defendant. | Civil Action No.: 2:22-CV-00604 |

## AGREED PROTECTIVE ORDER

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding judge.

It is hereby **ORDERED** as follows:

**I.     DISCOVERY PHASE**

A.     If a party, or a non-party producing information in this civil action, or an attorney for the party or non-party, has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a request or court order, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party, non-party, or attorney shall clearly mark each such document or other material as **"CONFIDENTIAL."**  The individual or entity designating the document or materials as **"CONFIDENTIAL"** must take care to limit any such designation to specific documents or materials that qualify for protection under the appropriate standards.  Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g. to unnecessarily encumber or

delay the case development process or impose unnecessary expense and burden on another party) expose the designating individual or entity to sanctions. If it comes to the attention of the designating individual or entity that a document or other material has been improperly marked as **"CONFIDENTIAL,"** the designating individual or entity must promptly notify all parties that the erroneous designation is being withdrawn and must replace the improperly designated document or material with a copy that is not marked **"CONFIDENTIAL"**.

B.  Parties may also mark materials "**HIGHLY CONFIDENTIAL - ATTORNEYS' AND EXPERTS' EYES ONLY**," that are Confidential (see Paragraph I(A)), and that, in addition, in the good faith belief of the designating party and its Counsel, are among that considered to be most sensitive by the party such that disclosure to the other party would, in the view of the producing party, be likely to cause competitive harm to the producing party.

C.  If a party or attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"**, the parties and/or attorneys shall attempt to resolve the dispute with the designating individual or entity. If they are unsuccessful, the party or attorney challenging the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** designation shall do so by filing an appropriate motion.

D.  No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

E.  Any document or other material which is marked **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action.  Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** or the contents thereof, at any deposition taken in this action.

F.  If a party or attorney wishes to disclose any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom disclosure is made;

2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4. Instruct the person to whom disclosure is made to return any document or other material which is marked **"CONFIDENTIAL,"** at the conclusion of the case, including notes or memoranda made from **"CONFIDENTIAL"** material; and

5. Maintain a list of persons to whom disclosure was made and the **"CONFIDENTIAL"** materials which were disclosed to that person.

G.  In addition to the requirements in Paragraph I(F), unless otherwise ordered by the Court or permitted in writing by the designating party, the parties and counsel for the parties shall not disclose or permit the disclosure of any material marked **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** to any third person or entity except as set forth in subparagraphs (1)-(8).  Subject to these requirements, the following

3

categories of persons may be allowed to review Highly Confidential Information:

(1) Outside Counsel. Outside counsel for the parties and employees of outside counsel who have responsibility for the action. Parties who are also attorneys in this action may not review materials marked **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"**;

(2) The Court and its personnel;

(3) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(4) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(5) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action. The parties agree that any consultant, investigator, or expert may receive Highly Confidential Information provided that the consultant, investigator, or expert is not a current or former employee of any party or any party's subsidiary company, parent company, or affiliate company.

(6) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Highly Confidential Information.

(7) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(8) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

## II. POST-DISCOVERY PHASE

A. If any party, non-party, or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If an amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with West Virginia law.

B. Within thirty (30) days after the conclusion of the action, each party shall gather the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** materials, copies thereof, and related notes and memoranda, including materials given by that party to any other individual, and shall return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party or the party's expert witness or consultant, , that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including drafts of preliminary reports submitted by an

5

expert or consultant, which includes information produced as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** so long as that work product does not duplicate verbatim substantial portions or the text or images of confidential documents. Any such work product retained by an attorney shall continue to be **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL – ATTORNEYS' AND EXPERTS' EYES ONLY"** and shall be subject to this Protective Order. The attorney may use his or her work product in other litigation provided that the attorney does no use or disclose the confidential documents.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:**

  _____
  **HONORABLE JUDGE JOSEPH R. GOODWIN**

**Prepared by:**

By: *Eric B. Snyder*
Eric B. Snyder (WVSB #9413)
Christopher D. Smith (WVSB #13050)
James O. Bunn III (WVSB #14242)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
Telephone: 304.345.6555
    *Attorney for Defendant*


**Agreed to by:**

Ronald N. Walters, Jr., Esq. (WVSB #13736)
Walters Law Firm
16 Capitol Street
Charleston, WV  25301
Telephone: 304.391.8002
    *Attorney for Plaintiffs*