IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GUY RICHARD BUCCI, et al.,

      Plaintiffs,

v.                               CIVIL ACTION NO.   2:22-cv-00604

BRIAN DOOLEY KENT,

      Defendant.

MEMORANDUM OPINION AND ORDER

On February 5, 2024, I granted in part and denied in part Defendant Brian Dooley Kent's motion for attorneys' fees under 28 U.S.C. § 1927. [ECF No. 66]. This statute allows courts to require "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The two Plaintiffs in this case, Guy Richard Bucci and Ashley Nicole Lynch, are two attorneys who also represented each other in this matter. Plaintiffs also had outside counsel, Ronald Neal Walters, Jr., represent them in this case.

Specifically, I granted Defendant's motion for attorneys' fees incurred as a result of responding to Plaintiffs' Second Motion to Disqualify Bailey & Glasser ("BG"), [ECF No. 39], and responding to Plaintiffs' Omnibus Renewed Motion to File Documents Under Seal, [ECF No. 48]. I found that these two motions were filed in

bad faith, which amounted to unreasonable and vexatious conduct that wrongfully multiplied the litigation proceedings, and that Defendant had wrongfully incurred costs in defending against these motions. [ECF No. 66, at 16, 19]; *See also Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018) (requiring the court to find "a causal link between wrongful conduct and an unreasonable and vexatious multiplication of proceedings, then to connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party."). I held in abeyance the amount of attorneys' fees to be awarded to Defendant until the court could conduct a thorough review of the alleged fees. *Id.* at 20. I further ordered Defendant to provide copies of the relevant attorneys' bills within ten days, and Defendant did so, requesting attorneys' fees in the amount of $14,766.75. *See* [ECF No. 67].

## I.    Applicable Law

Section 1927 only provides an award "for *excess* costs caused by the plaintiffs' attorneys' vexatious behavior and consequent multiplication of proceedings, and not for the total costs of the litigation." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 756 n.3 (1980) (emphasis in original) (quoting *Monk v. Roadway Exp., Inc.*, 599 F.2d 1378, 1383 (4th Cir. 1979)). The statute does not "authorize imposition of sanctions to reimburse a party for the ordinary costs of trial." *United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985) (citing *United States v. Blodgett*, 709 F.2d 608, 610–611 (9th Cir. 1983)).

"[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent." *In re Hudson & M. R. Co.*, 339 F.2d 114, 115 (2d Cir. 1964). District courts must examine whether the amount and type of work was reasonable and whether the amount of the fee charged was reasonable. *See, e.g.*, *In re Residential Capital, LLC*, 512 B.R. 179, 193 (Bankr. S.D.N.Y. 2014). This includes fees attributable to "investigating, researching and fighting" meritless claims, and only fees directly caused by the conduct may be awarded. *Id.* (quoting *PaineWebber, Inc. v. Can Am Fin. Grp., Ltd.*, 121 F.R.D. 324, 334 (N.D. Ill. 1988)). Courts retain discretion over the final amount of attorneys' fees awarded, and courts will typically use "the submission of detailed time records to determine whether the fees incurred are reasonable." *Id.* (quoting *In re Spectee Grp.*, 185 B.R. 146, 160 (Bankr. S.D.N.Y. 1995)).

To calculate an award for attorneys' fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Zamora v. Enter. Rac of Md., LLC*, No. 1:20-CV-00478(LMB/MSN), 2020 WL 7488200, at *4 (E.D. Va. Dec. 7, 2020), *aff'd*, No. 20-2278, 2021 WL 4473395 (4th Cir. Sept. 30, 2021) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). District courts are to consider twelve factors to make a determination of reasonable attorneys' fees, as outlined in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) ("[W]e hold that any

award [for reasonable attorneys' fees] must be accompanied by detailed findings of

fact with regard to the factors considered."). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal
> services rendered; (4) the attorney's opportunity costs in pressing the
> instant litigation; (5) the customary fee for like work; (6) the attorney's
> expectations at the outset of the litigation; (7) the time limitations
> imposed by the client or circumstances; (8) the amount in controversy
> and the results obtained; (9) the experience, reputation and ability of
> the attorney; (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and length of the
> professional relationship between attorney and client; and (12)
> attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28. Each factor is persuasive, but "the court not need

consider each of them individually because they are all 'subsumed' into an analysis

of what constitutes a reasonable rate and number of hours expended." *Zamora*, 2020

WL 7488200, at *5 (quoting *Mulugeta v. Ademachew*, No. 1:17-cv-649, 2019 WL

7945712, at *5 (E.D. Va. Nov. 6, 2019)).

## II.    Discussion

The court has reviewed the Relevant Bills, [ECF No. 67-1], and the Billing

Spreadsheet, [ECF No. 67-2], provided by BG pursuant to this court's order. BG

represents that it spent 38.7 total hours preparing and responding to these motions,

with 25.5 of those hours spent on the Second Motion to Disqualify BG, [ECF No. 39],

and 8.5 hours responding to Plaintiff's Omnibus Renewed Motion to File Documents

Under Seal, [ECF No. 48].

As a preliminary matter, there are three separate instances in the Relevant

Bills where a singular line item reflects time spent responding to both the second

motion to disqualify and the Rule 26(f) report. *See* [ECF No. 67-1, at 3]. Together, these line items amount to 4.7 hours of work, totaling $2,335 in fees. Because the attorneys placed the motion to disqualify work on the same line item as the Rule 26(f) report, the court is unable to determine how much of that 4.7 hours of work was spent on responding to the motion versus working on the Report. Section 1927 does not authorize the court to reimburse a party for the ordinary costs in litigation. *See Piper*, 447 U.S. at 756 n3. Thus, the court will neither consider nor impose the $2,335 in attorneys' fees for that 4.7 hours of work.

With the exclusion of those figures, I will now consider whether a total of 34 hours of work, totaling $12,431.83, is reasonable for researching, preparing, and responding to these two motions. After considering the time logs, the motions themselves, and the parties' responses, I find the time spent by Defendant's attorneys and the attorneys' rates to be reasonable in this matter. Here, the motion to disqualify—which may be a routine motion in many circumstances—was wholly unsupported by law. *See* [ECF No. 66, at 15]. As such, this would require more time and labor to be expended because the motion contained theories of law that lacked case support. *See id.* In addition, this case also involved a dispute between attorneys who would very well understand the reasonable costs and customary fee for such services.

I note that four attorneys performed work on this matter for the Defendant. The use of four attorneys could increase the risk of excessive and duplicative work. *See Allen v. Monsanto Co.*, No. 205-0578, 2007 WL 1859046, at *3 (S.D. W. Va. June

26, 2007) (citing *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) ("The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services.")). While only two attorneys were primarily involved in the matter, two others were periodically called in to review and edit the drafts. *See* [ECF No. 67-1 (showing that two attorneys, J.O.B., and L.A.B.,[1] reviewed and edited the motions)]. On its face, four attorneys may seem excessive, but the work performed by two of these attorneys amounted to less than two total hours, and their work was limited to reviewing and editing. Less than two hours is a reasonable amount of time spent on such tasks.

After review, I find that the Relevant Bills, aside from the 4.7 hours as stated above, are connected to the wrongful conduct as they directly relate to Defendant's response to both motions. Specifically, Defendant wrongfully incurred costs because his attorneys had to review both motions, research relevant case law, discuss strategy, and draft, edit, and finalize responses to the motions. [ECF No. 67-1, at 3–5]. Thus, I find that Defendant wrongfully incurred costs of $12,431.83 due to Plaintiff Attorneys' wrongful conduct that caused an unreasonable and vexatious multiplication of the proceedings in this case. I find this "lodestar figure" is entirely reasonable in light of the complexity of the litigation, the skill and experience of the attorneys, and the time and labor expended by Defendant's attorneys.

---

[1] J.O.B. and L.A.B. are the initials of the attorneys in the Relevant Bills.

### III.   Conclusion

Because the Court found that an award of fees is appropriate and granted in part Defendant's Motion for Attorneys' Fees, [ECF No. 66], I **ORDER** Plaintiff Attorneys to pay Defendant Brian Dooley Kent attorneys' fees in the total amount of **$12,431.83**, which represents the reasonable fees and costs incurred by Defendant in responding to Plaintiffs' Second Motion to Disqualify Bailey & Glasser ("BG"), [ECF No. 39], and in responding to Plaintiff's Omnibus Renewed Motion to File Documents Under Seal, [ECF No. 48].

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 29, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE